8 F.3d 817
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley J. CONNOLLY, Plaintiff-Appellant,
v.
WASHINGTON GAS LIGHT COMPANY, Defendant-Appellee.
 No. 92-1157.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 25, 1993.
Decided: November 2, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-1780-A)
 Frank Godfrey Aschmann, Aschmann & Aschmann, Alexandria, Virginia, for Appellant.
 L. Edward Funk, Washington Gas Light Company, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Shirley J. Connolly appeals from the district court's order granting her employer, Washington Gas Light Company ("WGL"), summary judgment in Connolly's employment discrimination case. We affirm.
 
 
 2
 In 1990, WGL underwent a reorganization, consolidating various departmental safety functions into the newly created Environment and Safety Department headed by Richard J. Cook. The reorganization eliminated some positions and created others. Connolly's position as the Gas Supply Department Safety Supervisor, a WGL grade eight position, was one of the eliminated positions. WGL transferred Connolly into the Environment and Safety Department as a Codes and Standards Specialist, a nonsupervisory grade seven position.*
 
 
 3
 Three Senior Safety Special positions were created in the new department which Connolly contends are comparable to her former Safety Supervisor position. Cook filled these slots with three men, two former Safety Supervisors and a third individual whom Connolly claims is less qualified than she. Connolly filed an employment discrimination complaint against WGL, alleging that she was deprived of the Senior Safety Specialist position and demoted on the basis of her sex and in retaliation for earlier discrimination claims she had filed against WGL in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 (1988).
 
 
 4
 WGL filed a motion to dismiss/motion for summary judgment, contending that Connolly failed to establish a prima facie case of discrimination because the three Senior Safety Specialists report to the Manager of Safety, William S. Patillo, and before the reorganization, Connolly told Cook she would prefer not to work for Patillo. WGL also asserted that Connolly was not qualified for the disputed position. Connolly responded to the motion, arguing that WGL distorted her remarks concerning Patillo and that she had the qualifications necessary for a Senior Safety Specialist. After a hearing, the district court granted summary judgment for WGL on the grounds that Connolly failed to establish a prima facie case of discrimination and that WGL articulated a legitimate non-discriminatory reason for its action. Connolly timely appealed.
 
 
 5
 Summary judgment is appropriate when there is no genuine issue of material fact that could lead a rational trier of fact to find for the non-moving party and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-moving party." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) (citing Anderson, 477 U.S. at 255). This Court reviews de novo a district court's decision to grant summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).
 
 I. Employment Discrimination
 
 6
 In employment discrimination cases, the plaintiff bears the burden of establishing a prima facie case of discrimination before the burden of proof shifts to the defendant to show a legitimate, nondiscriminatory reason for its action. Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 121 (4th Cir. 1991). To establish a prima facie case of employment discrimination, the plaintiff must show, among other things, that she applied and was qualified for a position the employer was seeking to fill. Id. at 121 & n.5 (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). WGL claimed in its summary judgment motion, and the district court found, that Connolly failed to make a prima facie showing that she had applied for the Senior Safety Specialist position.
 
 
 7
 Although Connolly alleges that she was willing to accept a Senior Safety Specialist position, she failed to show by proper proof in response to the summary judgment motion that she had applied for the position or was inhibited from doing so due to WGL's alleged discriminatory practices. See Robinson v. Montgomery Ward & Co., 823 F.2d 793, 796 (4th Cir. 1987), cert. denied, 484 U.S. 1042 (1988). Consequently, summary judgment for WGL on this issue was appropriate.
 
 II. Retaliation
 
 8
 Connolly only briefed the issue of whether a genuine issue of material fact existed based on her statement to Richard Cook, specifically whether that statement took her out of contention for the position. Because we have found that she failed to carry her burden in that regard, we find no error in the district court's grant of summary judgment on the retaliation claim.
 
 
 9
 We therefore affirm the district court's order granting summary judgment for WGL. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Connolly's salary was not affected by her job change